UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

THEODORE NICKENS AND HELEN M. NICKENS, :
:
Plaintiffs :
:
v. : CIVIL NO.3:CV-03-1797
:
: (Judge Conaboy)
JOHN ASHCROFT, ET AL., :
:
Defendants :
_____

**MEMORANDUM**
**Background**

Theodore M. Nickens, an inmate presently confined at the Rockview State Correctional Facility, Bellefonte, Pennsylvania, and Helen M. Nickens, who is identified as being Mr. Nickens' wife,[1] initiated this pro se civil action asserting violations of their civil rights, the Americans with Disabilities Act (ADA), the Rehabilitation Act of 1973 (RA), and the "Pennsylvania Handicappers Civil Rights Act".

Named as Defendants are United States Attorney General John Ashcroft; Director Harley G. Lappin and Regional Administrator D. Kostyk of the Federal Bureau of Prisons (BOP); and the following officials at Mr. Nickens' prior place of confinement, the Allenwood

---

[1] Defendants challenge Plaintiffs' contention that they are married to one another.

1

United States Penitentiary, White Deer, Pennsylvania (USP-Allenwood): Warden M.V. Pugh, Case Manager T. Hubler, Correctional Manager G. Hottenstein, Unit Managers Angel Espinoza-Levi and R. Wolever.

Plaintiffs' amended complaint asserts that Helen Nickens, who resides in the Commonwealth of Virginia, is only able to communicate with her husband over the telephone through the use of a Telecommunications Device for the Deaf (TDD).[2]  A TDD located in a counselor's office at USP-Allenwood was available for limited prisoner use.  It is also asserted that Mr. Nickens was initially permitted to use the TDD without making a formal request.

The amended complaint's initial contention is that Unit Manager Wolever has improperly denied or limited Inmate Nickens use of the TDD device.  Specifically, it is alleged that Wolever retaliated against Mr. Nickens for submitting a complaint to Warden Pugh by formulating a requirement that the prisoner would have to put in a written request before being granted permission to use the TDD.  Plaintiffs maintain that Wolever's requirement constitutes retaliation, discrimination and violates their constitutional

---

[2]  A TDD is described as a device with a keyboard and screen that is easy to hook up to a telephone. A person may use a TDD to communicate with anyone who has access to either a TDD or a TDD/relay operator.  The relay operator translates voice messages into typed messages for the hearing impaired.

rights, the RA, the Pennsylvania Handicappers Civil Rights Act and the ADA.

It is next alleged that Unit Counselor Hottenstein failed to follow through with his promise that Inmate Nickens could call his wife on her birthday. Plaintiffs add that Mr. Nickens' subsequent Unit Manager, Defendant Espinoza-Levi, enforced Wolever's aforementioned TDD policy and told Inmate Nickens that the ADA was not applicable in his case because he was not deaf. The Plaintiffs further contend that Mr. Nickens was denied access to the courts when Espinoza-Levi denied his request for permission to make a legal call.

The Nickens' final claim asserts that USP-Allenwood officials, including Warden Pugh, acted in a discriminatory manner by refusing Mr. Nickens' request for installation of a TDD line outside of the counselor's office. They seek compensatory and punitive damages.[3]

Presently pending are the Plaintiffs' second motion for summary judgment[4] (Doc. 71) and Defendants' motion to dismiss or in

---

[3] By Memorandum and Order dated February 3, 2005, this Court dismissed the Plaintiffs' request for injunctive relief on the basis of mootness and denied Defendants' motion to dismiss for non-exhaustion.

[4] Plaintiffs' motion requesting entry of partial summary judgment was denied on March 10, 2005.

the alternative for summary judgment (Doc. 75).  Both motions are ripe for consideration.

## Discussion

### Standard of Review

Defendants' motion is accompanied by evidentiary materials [documents] outside the pleadings which are relevant for purposes of both determining the issue of administrative exhaustion as well as their alternative arguments.  Rule 12(b) provides in part as follows:

> If, on a motion asserting the defense numbered (6) to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.

Fed. R. Civ. P. 12(b).  The Court will not exclude the evidentiary materials [documents] accompanying Defendants' motion.  Thus, their motion will be treated as solely seeking summary judgment.

Summary judgment is appropriate if the "pleadings, depositions, answers to interrogatories, admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  Fed.R.Civ.P. 56(c).

4

> [T]he plain language of Rule 56(c) mandates the
> entry of summary judgment, after adequate time for
> discovery and upon motion, against a party who fails
> to make a showing sufficient to establish the
> existence of an element essential to that party's
> case, and on which that party will bear the burden
> of proof at trial.  In such a situation, there can
> be "no genuine issue as to any material fact," since
> a complete failure of proof concerning an essential
> element of the nonmoving party's case necessarily
> renders all other facts immaterial.  The moving
> party is "entitled to a judgment as a matter of law"
> because the nonmoving party has failed to make a
> sufficient showing on an essential element of her
> case with respect to which she has the burden of
> proof.  "[T]he standard [for granting summary
> judgment] mirrors the standard for a directed
> verdict under Federal Rule of Civil Procedure
> 50(a)...."

<u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 322-23, (1986).

The moving party bears the initial responsibility of stating the basis for its motion and identifying those portions of the record which demonstrate the absence of a genuine issue of material fact.  The moving party can discharge that burden by "'showing' . . . that there is an absence of evidence to support the nonmoving party's case."  <u>Celotex</u>, <u>supra</u>, 106 S.Ct. at 2553 and 2554.  Once the moving party has satisfied its burden, the nonmoving party must present "affirmative evidence" to defeat the motion, consisting of verified or documented materials.  <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 257 (1986).  Issues of fact are "genuine only if a reasonable jury, considering the evidence presented could find for the nonmoving party." <u>Childers v. Joseph</u>, 842 F.2d 689, 693-94 (3d Cir. 1988).  Only disputes over facts that might affect the outcome

of the suit will preclude the entry of summary judgment. Id. In evaluating a motion for summary judgment, the entire record must be examined in the light most favorable to the nonmoving party. The parties' pending cross summary judgment motions will be addressed in accordance with these standards.

**Plaintiffs' Summary Judgment Motion**

The Plaintiffs' summary judgment motion initially notes that Defendants have been provided with proof that Plaintiffs are a married couple. Second, based on Defendants' admission that Inmate Nickens was required to submit written requests to use the TDD, a violation of the ADA occurred. Next, Plaintiffs argue that Warden Pugh was personally involved in constitutional misconduct because he failed to conduct an investigation into the retaliatory ADA violation by his staff. As a result of the above contentions, Plaintiffs claim they are entitled to entry of summary judgment with respect to their ADA and retaliation claims.

This Court's review of the Plaintiffs' motion and supporting documents, shows they have failed to set forth any authority establishing that they are entitled to judgment as a matter of law regarding any of their ADA, RA or Pennsylvania Handicappers Civil Rights Act claims. Their motion, brief in support and supporting declaration merely reassert the their previously raised factual and legal allegations and address the Defendants' argument that they are not legally married. Plaintiffs' filings are devoid of any arguments, authority, or

6

supporting case law which could warrant entry of summary judgment in their favor.

The Nickens have also failed to satisfy their burden of proof of establishing all the essential elements required to succeed with respect to any of their pending claims. Consequently, based on an application of the Rule 56 standards, their motion for summary judgment will be denied.

**Defendants' Summary Judgment Motion**

Defendants argue they are entitled to summary judgment on the grounds that: (1) Inmate Nickens cannot recover on his denial of access to the courts claim because he has not established any actual injury; (2) the ADA does not apply to federal correctional institutions; (3) the Pennsylvania Handicappers Civil Rights Act does not exist; (4) individual defendants cannot be held liable under either the ADA or the RA; (5) Plaintiffs failed to administratively exhaust their claims of discrimination based on handicap; (6) former Attorney General John Ashcroft is the only properly named defendant for purposes of the RA; and (7) Plaintiffs are not entitled to monetary damages under the RA.

**Access to the Courts**

It is well-settled that prison inmates have a constitutional right of meaningful access to law libraries, legal materials or legal services. Bounds v. Smith, 430 U.S. 817, 821-25 (1977). Failure to provide inmates with legal research material or trained legal assistance can constitute a constitutional violation. Gluth v. Kangas, 951 F.2d 1504, 1507 (9th Cir. 1991). In Lewis v. Casey,

7

518 U.S. 343, 351-54 (1996), the United States Supreme Court clarified that an inmate plaintiff, in order to set forth a viable claim under Bounds, must demonstrate that a non-frivolous legal claim had been frustrated or was being impeded. A plaintiff must also allege an actual injury to his litigation efforts.

As noted earlier, Theodore Nickens alleges that Unit Manager Espinoza-Levi denied his request for permission to make a legal phone call. Plaintiffs' amended complaint adds only that the requested call was in reference to a criminal case which Inmate Nickens was litigating pro se. See Doc. 7, p. 9.

Based on a review of the record, there is no indication that the inmate Plaintiff suffered any actual injury with respect to any criminal prosecution or appeal due to his inability to place a single phone call. Accordingly, Mr. Nickens has not satisfied his burden under Lewis of demonstrating an actual injury to a non-frivolous litigation effort. Consequently, his denial of access to the courts claim cannot proceed.

**ADA**

Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by such entity." 42 U.S.C. § 12132.[5]  The ADA seeks

---

[5] The regulations implementing the ADA define a "qualified individual with a disability" as:
  "An individual with a disability who, with
                                                    (continued...)

8

"to assure even handed treatment and the opportunity for [disabled] individuals to participate in and benefit from programs [receiving financial assistance]. Southeastern Community College v. Davis, 442 U.S. 397 (1979).[6]  P.C. v. McLaughlin, 913 F.2d 1033, 1041 (2d Cir. 1990).

It has been recognized that the provisions of the ADA are applicable to prisoners confined in state correctional institutions. See Pa. Dept. of Corrections v. Yeskey, 524 U.S. 206 (1998). However, absent an explicit waiver of sovereign immunity, the United States is generally immune from suit. United States v. Mitchell, 445 U.S. 535, 538 (1980). This "immunity is jurisdictional in nature," FDIC v. Meyer, 510 U.S. 471, 475 (1994), and extends to government agencies and employees. Antol v. Perry, 82 F.3d 1291, 1296 (3d Cir. 1996).

Moreover, it has been recognized that federal detention centers are not protected by the ADA. See Hurtado v. Reno, 34 F. Supp.2d 1261,1264 (D. Col 1999). The ADA does not contain a waiver of sovereign immunity and thus, its provisions do not apply to the

---

[5](...continued)
  or without reasonable modifications to
  rules, policies or practices, . . . meets
  the essential eligibility requirements for
  the . . . participation in programs or
  activities provided by a public entity."

28 C.F.R. § 35.104 (1993).

[6]  The "evenhanded treatment" requirement does not, however, impose an affirmative obligation on public entities to expand existing programs but only that disabled individuals receive the same treatment as those who are not disabled.

federal government. Crowder v. True, 845 F. Supp. 1250 (N.D. Ill 1994). Consequently, the amended complaint to the extent that it seeks to assert an ADA claim regarding Mr. Nickens' federal incarceration is subject to dismissal.

**Rehabilitation Act**

The Defendants' summary judgment motion next argues that individual defendants may not be held liable under the Rehabilitation Act ("RA"), 29 U.S.C. § 794. The RA prohibits exclusion of a disabled person from a program that receives federal financial assistance solely by reason of his or her disability. In Yeskey v. Commonwealth of Pennsylvania, 118 F. 3d 168 (3d Cir. 1997), aff'd 534 U.S. 206 (1998), the Court of Appeals for the Third Circuit indicated that claims relating to the alleged exclusions of disabled persons from prison employment could be properly raised under the RA.

However, the RA applies only to programs or activities receiving federal financial assistance and does not apply to individually named defendants. Emerson v. Thiel College, 296 F. 3d 184, 190 (3d Cir. 2002); Gale v. Department of General Services, 2003 WL 21293795 *3 (E.D. Pa. March 18, 2003). The only exception is where the head of the agency being sued is named as a Defendant.

Based on this Court's application of the Emerson and Gale standards, the individual correctional officials named as Defendants with the exception of former Attorney General John Ashcroft are entitled to entry of summary judgment with respect to the RA claim.

10

The Defendants next argue that based upon the standards developed in Lane v. Pena, 518 U.S. 187 (1996), Plaintiffs are barred from recovering monetary damages with respect to their RA claim.  In Lane, the United States Supreme Court denied a plaintiff's request for compensatory damages on the grounds that Congress has not waived the Federal Government's sovereign immunity against monetary damages awards for violations of § 504(a) of the RA.  The Court noted that Congress was "free to waive the Federal Government's sovereign immunity against liability without waiving its immunity from monetary damages awards."  Id. at 196.

A subsequent decision similarly recognized that a federal prisoner may not recover monetary damages with respect to an RA claim.  See Crowder v. True, 1998 WL 42318 *4 (N.D. Ill. Jan. 29, 1998).  Consequently, since the present complaint seeks only monetary damages, Defendants are entitled to summary judgment with respect to Plaintiffs' RA claims under the Lane and Crowder decisions.

**Pennsylvania's Handicappers Civil Rights Act**

Defendants' next argument asserts that the "'Pennsylvania Handicappers Civil Rights Act' does not exist."  Doc. 76, p. 6. Specifically, they state that although there is a Michigan Handicappers Civil Rights Act which is referenced in Niece v. Fitzner, 922 F. Supp 1208 (E.D. Mich. 1996), the Commonwealth of Pennsylvania has enacted no such legislation.

A review of Plaintiff's amended complaint establishes that they have not provided a citation or statutory reference to the

11

Pennsylvania Handicappers Civil Rights Act.  Second, their opposing brief does not address the merits of Defendants' present argument.  Finally, research conducted by this Court confirms the Defendants' argument that no such legislation has been acted in the Commonwealth of Pennsylvania.  Consequently, summary judgment will be granted in favor of the Defendants with respect to this claim.

**Discrimination**

Plaintiffs contend that the failure of USP-Allenwood officials to install a TDD on a separate line outside the counselor's officer constituted discrimination in that Inmate Nickens was required to face additional impediments with respect to his telephone use than those prisoners who were able to use a regular voice telephone.

Defendants argue that the Plaintiffs failed to exhaust the requirements of 28 C.F.R. § 39.170, an administrative procedure established by the Department of Justice for pursuing claims of discrimination based on handicap.  The Defendants argue that the failure of Plaintiffs to initiate a complaint under § 39.170 requires dismissal of their discrimination claim.  However, they provide no supporting authority for this argument.

§ 39.170 provides that after exhausting the Federal Bureau of Prisons'(BOP) administrative remedy procedure, a federal inmate who feels that he or she has been subjected to discrimination may file a complaint with the Department of Justice within 180 days after the BOP's final administrative decision.

Since this Court has already determined that Defendants are entitled to entry of summary judgment with respect to Plaintiffs' ADA and RA claims, further discussion of this argument is not warranted.  See generally, Burgess v. Goord, 1999 WL 33458 *7, n. 6 (S.D.N.Y.  Jan. 26, 1999)( RA and ADA claims subject to dismissal where plaintiff fails to exhaust § 39.170 remedies)

**Retaliation**

The Plaintiffs also allege that USP-Allenwood Defendants Pugh, Wolever and Espinoza-Levi violated Inmate Nickens' constitutional rights by subjecting him to a retaliatory denial of access to a TDD.  A review of the Defendants'instant summary judgment motion establishes that it does not address these retaliation claims.  Consequently, those civil rights allegations shall proceed.  An appropriate Order will enter.

S/Richard P. Conaboy
RICHARD P. CONABOY
United States District Judge

DATED:   MARCH 16, 2006

13

UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

THEODORE NICKENS AND HELEN M. :
NICKENS, :
 :
        Plaintiffs :
 :
  v. : CIVIL NO.3:CV-03-1797
 :
 : (Judge Conaboy)
JOHN ASHCROFT, ET AL., :
 :
        Defendants :
_____

**ORDER**

ACCORDINGLY, THIS 16th DAY OF MARCH, 2006, IT IS HEREBY ORDERED THAT:

    1.   Plaintiffs' motion (Doc. 71) seeking entry of summary judgment is denied.

    2.   Defendants' motion to dismiss or in the alternative for summary judgment (Doc. 75) is construed as solely seeking summary judgment.

    3.   The Defendants' summary judgment motion is granted with respect to the Plaintiff's claims under the Rehabilitation Act, Americans with Disabilities Act, and Pennsylvania Handicappers Civil Rights Acts. Summary judgment is also granted with respect

       to Plaintiffs' claim of denial of access to the courts.

4. Since the Defendants' summary judgment motion doesn't address Plaintiffs' claim that USP-Allenwood Defendants Wolever, Hubler, Hottenstein and Espinoza-Levi subjected Inmate Nickens to a retaliatory denial of access to a TDD, said claim will proceed.

5. The Clerk of Court is directed to enter summary judgment in favor of Defendants John Ashcroft, Harley G. Lappin, and D. Kostyk.

6. Any additional dispositive motions shall be filed on or before June 1, 2006.


<u>S/Richard P. Conaboy</u>
RICHARD P. CONABOY
United States District Judge